IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:08-MD-1976

| | |
|---|---|
| IN RE LENDINGTREE, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION UNDER 28 U.S.C.A. § 1292(B) |

## I. PRELIMINARY STATEMENT

This Court stayed litigation in the judicial forum and directed Plaintiffs to proceed individually in arbitration. Plaintiffs in the Bercaw-Miller-Shaver Group ("Moving Plaintiffs") now seek an interlocutory review of this Court's Order. Normally, no interlocutory review is provided for an Order staying an action and compelling arbitration. Congress, in crafting the Federal Arbitration Act, took special care to protect such orders from interlocutory review except in narrow circumstances. 9 U.S.C.A. §16(b)(1)-(2) states that:

> Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--(1) granting a stay of any action under section 3 of this title; [or] (2) directing arbitration to proceed under section 4 of this title.

Section 16(b) "reflects a deliberate determination that appeal rules should reflect a strong policy favoring arbitration." 15B Fed. Prac. & Proc. Juris.2d § 3914.17.

Therefore, Moving Plaintiffs could only petition the Fourth Circuit Court of Appeals for review if this Court were to certify the opinion under 28 U.S.C.A. §1292(b). See, e.g., In re Pisgah Contractors, Inc., 117 F.3d 133, 137 (4th Cir. 1997). Faced with a similar motion to certify a recent order compelling arbitration, Judge Reidinger concluded:

> This provision "was not intended to allow interlocutory appeal in ordinary suits," or "as a vehicle to provide early review of difficult rulings in hard cases." Rather, section 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." Accordingly, the Fourth Circuit

has noted that section 1292(b) "should be used sparingly and ... its requirements must be strictly construed."

*Stephens v. Wachovia* Bank, 2008 WL 1820928, *4 (W.D.N.C.) (citations omitted).

For Moving Plaintiffs to obtain section 1292(b) interlocutory review, the Court would have to modify its prior Order to say that the opinion "[1] involves a controlling question of law as to which there is [2] substantial ground for difference of opinion <u>and</u> [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C.A. §1292(b) (emphasis added) "Because section 1292(b) should be used sparingly, its requirements should be strictly construed." <u>American Stainless & Supply, LLC v. All Points Capital Corp.</u>, 2009 WL 82469 at *2 (M.D.N.C.). The "appellant must demonstrate that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." <u>In re Poor</u>, 2008 WL 3925268 at *2 (W.D.N.C.)(quotation marks and citation omitted)(denying certification).

In summary, as detailed subsequently in this memorandum, Plaintiffs' request to certify the Court's ruling fails to satisfy <u>any</u> of the three section 1292(b) requirements—much less all of them, as is required. <u>First</u>, Moving Plaintiffs fail to identify a "controlling question of law" on which to base their motion. As the procedural history of this matter shows, the Court found the LendingTree Terms of Use enforceable, under both California and North Carolina law, based on detailed factual findings. As demonstrated below, these rulings of enforceability did not hinge on a controlling question of law – or, as one court has termed it, on "narrow question[s] of pure law." <u>In re Charlotte Commercial Group, Inc.</u>, 2003 WL 1790882 at *3 (M.D.N.C.).

<u>Second</u>, Moving Plaintiffs fail to show any "substantial ground for difference of opinion" on the pertinent issues of law. They claim that the Court's rulings as to unconscionability and State interest are at odds with how a California court would have decided the matter. As shown

below, however, the California case law that Moving Plaintiffs contend shows a difference of opinion on the substantive issue of unconscionability is inapposite. On the separate choice of law issue—California's interest in application of its law rather than North Carolina law—Moving Plaintiffs do not cite to *any* case law as at odds with this Court's decision.

<u>Third</u>, Moving Plaintiffs fail to show "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Moving Plaintiffs argue that the Court will suffer waste and delay adjudicating claims against non-LendingTree Defendants while proceedings against LendingTree are in arbitration. Moving Plaintiffs are wrong as a practical matter, as Moving Plaintiffs have already obtained defaults against all but one of the non-LendingTree Defendants, and that Defendant has failed to answer. And, as a legal matter, courts across the country have rejected the idea that binding arbitration agreements should be set aside over "split-forum" concerns.

Each failure of Moving Plaintiffs to satisfy an element of Section 1292(b) is an independently sufficient reason to deny the current Motion.

## II. PROCEDURAL HISTORY

### A. The Court Stayed the <u>Spinozzi</u>, <u>Mitchell</u>, and <u>Carson</u> Cases and Compelled Individual Arbitration

The first time that this Court upheld LendingTree's Terms of Use against charges of unconscionability was August 21, 2008. The Court stayed <u>Spinozzi</u>, <u>Mitchell</u>, and <u>Carson</u> and compelled each case to individual arbitration. See *Exhibit A*, August 21, 2008 Transcript of this Court's Ruling ("*1T*").

The Court found that the LendingTree Terms of Use constituted a valid, binding, and enforceable contract. The Court's pivotal factual finding was as follows:

> Both parties in this case indicated assent to the terms of use…LendingTree by providing the website and the terms and plaintiffs by affirm[atively] checking the box stating that they agreed to those terms.
> [*Id*. at *1T*54:13-16.]

The Court found that there were "no facts indicating unfair surprise," *1T*58:14-15, that "plaintiffs were able to peruse LendingTree's website at their leisure," *1T*58:19-20, that plaintiffs had a duty to read before they accepted the Terms of Use, *1T*58:21-59-20, and that "Plaintiffs have not demonstrated a lack of meaningful choice," as LendingTree "has a number of major competitors, any of which were just as available to Plaintiffs," *1T*59:21-24.

Based on these facts, the Court stayed the actions and compelled individual arbitration. To date, these Plaintiffs have not filed for arbitration.

### B.    The Court Stayed the <u>Shaver</u>, <u>Miller</u>, <u>Garcia</u>, <u>Bradley</u>, and <u>Bercaw</u> Cases and Compelled Individual Arbitration

Subsequently, all the remaining LendingTree cases venued outside North Carolina were transferred to this Court for consistent pre-trial treatment. The Court heard LendingTree's second Motion to Stay and Compel Arbitration on February 5, 2009. *See*, *Exhibit B*, February 5, 2009 Transcript of this Court's Ruling ("*2T*"). The Court granted LendingTree's Motion.

Plaintiffs challenged the North Carolina choice of law provision in LendingTree's Terms of Use. In relevant part, under the Restatement, the parties' choice of law provision will be upheld unless "application of the chosen law would be contrary to a fundamental policy of a State which has a greater material interest that the chosen law[.]" *2T*4:17-24.

Far from being "contrary to a fundamental policy" of California law, the Court found that LendingTree's Terms of Use would be <u>upheld</u> under California law. *2T*5:13-19, <u>citing</u> <u>Discover Bank v. Superior Court</u>, 30 Cal.Rptr.3d 76 (Cal. 2005)(applying a three-part test to determine whether a contract is substantively unconscionable). While the Terms of Use constituted a

consumer contract of adhesion (Discover Bank's first factor), the amounts in controversy under the Terms of Use were *not* "predictably small," (the second factor) and Plaintiffs had not ever alleged a scheme on LendingTree's part to cheat its customers (the third factor). *2T*5:-7.

The Court further found that North Carolina law—not California law---controls. "*Even if the class action waiver were unconscionable and did violate a fundamental policy of California*, it is abundantly clear to this Court that California's interest in this litigation is not materially greater than North Carolina's." *2T*8:11-13 (emphasis added). "Most significantly, none of the Plaintiffs are California residents." *2T*8:21-22. The Court also noted that the alleged California corporate defendants have never appeared, that "[i]t is clear that LendingTree is the key defendant, and that LendingTree is based in North Carolina," and that Plaintiffs' predominant claim under the Fair Credit Reporting Act focused on how LendingTree protected consumer information housed in North Carolina. *2T*9:2-3, *2T*9:13-16.

Accordingly, "the Court must enforce the parties' choice of North Carolina law." *2T*9:23-25. The Court then upheld the Terms of Use under North Carolina's law of unconscionability. As in its August 21 ruling, the Court found that the LendingTree agreement was not procedurally unconscionable, noting as a matter of fact that "there was no unfair surprise" and "no lack of meaningful choice" *2T*11:4-14. The Court stayed the action and compelled individual arbitration. Plaintiffs, including Moving Plaintiffs, have not filed for arbitration.

### III. LEGAL ARGUMENT

### A. Moving Plaintiffs Articulate No Controlling Question of Law

1. <u>The Substantive Unconscionability "Question"</u>

Certification under 28 U.S.C.A. §1292(b) is reserved for "narrow question[s] of pure law." <u>In re Charlotte Commercial Group, Inc</u>., 2003 WL 1790882 at *2 (M.D.N.C.). Yet Moving Plaintiffs allege as error only rulings of mixed fact and law.

Moving Plaintiffs claim that the Court misapplied <u>Discover Bank</u>, erroneously requiring Moving Plaintiffs to satisfy every factor cited by the California Supreme Court. Moving Plaintiffs are mistaken. Rather, the Court correctly applied California law to a series of facts which would not result in a finding of unconscionability under <u>Discover Bank</u> or under any other California precedent.[1]

In the sole point of fact which the Court decided in favor of Moving Plaintiffs, the Court found that "the agreement is a consumer contract of adhesion drafted by the party that has a superior bargaining power or powers." *2T*5:21-23. But Moving Plaintiffs point to nothing in <u>Discover Bank</u> or its progeny that would suggest a class action waiver in a consumer contract of adhesion is <u>per se</u> invalid. To the contrary, <u>Discover Bank</u> held only that "at least *some* class action waivers in consumer contracts are unconscionable under California law," that "adhesive contracts are generally enforced," and that "[c]lass action and arbitration waivers are not, in the abstract, exculpatory clauses." <u>Discover Bank</u>, 36 Cal. 4th at 160 (emphasis added). To

---

[1] Moreover, the correct application of California law is effectively moot unless the Court <u>also</u> erred in concluding that the Restatement formula requires application of North Carolina law. Otherwise, California law on these issues is of only academic interest and cannot provide a basis for section 1292(b) certification.

6

Case 3:08-md-01976-FDW    Document 33    Filed 04/02/2009    Page 6 of 14

determine whether a particular clause is or is not exculpatory requires an examination of all circumstances, something the Court here undertook.

It is clearly a question of fact whether the amounts in dispute under the Terms of Use would be predictably small, so as to weigh in favor of unconscionability under the second factor of the Discover Bank test. The Court found, as a matter of fact, that the amounts were not so predictably small. Likewise, it is a question of fact whether Moving Plaintiffs had alleged a scheme whereby LendingTree would defraud its consumers by making use of the arbitration provision, per the third factor of Discover Bank. As a matter of fact, the Court found Moving Plaintiffs had not so alleged. Paradoxically, Moving Plaintiffs themselves concede that they cannot reargue these points "given the limited scope of a §1292(b) petition." *PB*, p.8 n.4. Yet these factual findings, which Moving Plaintiffs admit they cannot challenge, amply support the Court's decision under California law.

Moving Plaintiffs further suggest that they were not given the benefit of a "sliding scale" approach to unconscionability, under which "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable[.]" *PB*, p. 5 n.3. Moving Plaintiffs ignore the fact that the Court found *none* of the Terms of Use substantively oppressive and found *no* indications of procedural unconscionability, noting only that this, like most consumer contracts, is a form contract. On any scale, sliding or not, Moving Plaintiffs fail.

2. The 'Materially Greater Interest' "Question"

As this Court found, an independently-sufficient reason to uphold the Terms of Use's choice of North Carolina law is that "it is abundantly clear to this Court that California's interest in this litigation is not materially greater than North Carolina's." *2T*8:11-13. Even if the Terms

of Use were unconscionable under California law (and, as the Court correctly concluded, they are not), California has too attenuated a connection to this matter for its public policy to trump clear contract terms.

This, again, is not a narrow question of pure law. Rather, the Court's ruling was grounded in factual findings with respect to the domicile of the parties and the place of the wrong. Moving Plaintiffs disagree with the factual finding that the domicile of the relevant parties is North Carolina. Moving Plaintiffs disagree with the factual finding that the alleged conduct put at issue by the Complaints would have had a focus in North Carolina. These mere disagreements are not issues of law certifiable to the Fourth Circuit.

**B.      Moving Plaintiffs Present No Grounds for a Substantial Difference of Opinion**

1.      The Substantive Unconscionability "Question"

Moving Plaintiffs claim there are grounds for substantial difference of opinion under California law as to whether LendingTree's Terms of Use are substantively unconscionable. Moving Plaintiffs do not support this allegation.

Moving Plaintiffs do not cite to any California case, federal or State, in which a class action waiver was stricken solely because it was contained in a contract of adhesion. In America Online v. Superior Court, the class action waiver was stricken because plaintiffs, California residents, had made claims under the Consumer Legal Remedies Act. That California statute contains a provision which prevents the waiver of the right to bring CLRA claims in a class action format. "California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of *California residents* in a way that violates our state's public policy." 90 Cal. App. 4th 1, 12 (Cal. App. 1st Dist. 2001)(emphasis added). Not one of Plaintiffs is a California resident or has brought a CLRA claim. Accord, Shroyer v. New

Cingular Wireless Servs., 498 F.3d 976, 979 (9th Cir. Cal. 2007)(alleging violations of the Consumer Legal Remedies Act).

In Szetela v. Discover Bank, at issue was not just a consumer contract of adhesion, but a bill stuffer amendment to a credit card agreement. 97 Cal. App. 4th 1094 (Cal. App. 4th Dist. 2002). LendingTree did not hide its arbitration clause; as this Court has twice found, each consumer had to affirmatively agree to a conspicuously-disclosed arbitration clause to use LendingTree's services. In Szetela, the consumer's "only option, if he did not wish to accept the amendment, was to close his account." Id. at 1100. LendingTree did not put any pressure on any of the Plaintiffs to agree to arbitration, did not threaten to sever any existing relationship. In Szetela, the arbitration provision "provides the customer with no benefit whatsoever." Id. at 1101. Here, LendingTree could not offer the free service Moving Plaintiffs enjoyed (and affirmatively sought out) without some means to manage litigation costs. Szetela is not apposite.

None of these cases indicates "grounds for substantial difference of opinion" from the Court's ruling that a class action waiver in a contract of adhesion, alone, does not unconscionability make, even under California law.

2. The 'Materially Greater Interest' "Question"

Moving Plaintiffs contend there are grounds for substantial difference of opinion under California law as to whether California had a materially greater interest in application of its policies than does North Carolina. With respect to this second non-question "question," Moving Plaintiffs do not cite to a single authority which disagrees with the Court's approach. Moving Plaintiffs do not cite any authority for their suggestion that mere equipoise between the interests of the States (which no one has found) should be resolved in favor of voiding an otherwise binding choice of law provision.

**C. Moving Plaintiffs Do Not Show How Immediate Appeal Would Advance the Termination of the Litigation**

Moving Plaintiffs suggest that decisions to stay and compel arbitration are uniquely well-suited for certification under §1292(b). Contrary to the contention of Moving Plaintiffs, §1292(b) certification has been denied routinely with respect to orders compelling a stay and arbitration. See, e.g., Stephens v. Wachovia Corp., 2008 WL 1820928 at *4 (W.D.N.C.).

> Without an appeal, Plaintiff will proceed to arbitration for what should be a relatively direct and concise proceeding pertaining only to her account. Once arbitration is completed, this litigation will essentially be over, with the exception of confirming the award, if that is applicable. If the Court allowed this interlocutory appeal to proceed, the case would have to work its way through the appellate process before the parties could proceed to arbitration, and ultimately, to the conclusion of this litigation. Thus, certifying an interlocutory appeal on the narrow issue pertaining to the class action waiver only would delay the resolution of this case.
> [Id.]

Accord, In Re: American Marine Holding Co., 14 F.3d 276 (5th Cir. 1994).

Moving Plaintiffs claim that the Court will waste time if this matter is pursued in two forums: arbitration (as to LendingTree) and litigation (as to all other Defendants). Given that Plaintiffs have already obtained defaults against all but one of the non-LendingTree Defendants and the remaining one has failed to appear, it is unclear what, if anything, is left for the Court to do. (Indeed, Plaintiffs took no action to default these defendants until the Court prompted them to do so at the hearing on the motion to compel.) Moreover, courts have roundly rejected the argument that an arbitration agreement should be voided simply because it does not encompass all potential claims against all potential parties. See, e.g., Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985)("The preeminent concern of Congress in passing the [Federal Arbitration] Act was to enforce private agreements into which parties had entered, and that concern requires that we enforce agreements to arbitrate, even if the result is 'piecemeal'

litigation"); Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 1 (1983)(same); Salley v. Option One Mortg. Corp., 246 Fed. Appx. 87, 90 (3d Cir. 2007)("the reservation of foreclosure and other *in rem* remedies does not, as a matter of law, render the Agreement substantively unconscionable"). It would be incongruous to certify this case for appeal on the basis of an argument that has been so thoroughly discredited as contrary to the aims of the Federal Arbitration Act.

Lastly, Moving Plaintiffs represent only three of the eight cases consolidated before this Court for consistent pre-trial treatment. Granting this Motion would put these eight cases on inconsistent tracks, as three cases would be seeking interlocutory review while five would not. The result would be further delay.

The delay at hand is not caused by arbitration, but by Moving Plaintiffs' refusal to arbitrate. Even after the Court's Order, Moving Plaintiffs have not filed for individual arbitration in accordance with the Terms of Use. Granting Moving Plaintiffs the right to petition the Fourth Circuit for interlocutory review would only further compound the delay Moving Plaintiffs have caused.

## IV.   CONCLUSION

In this motion to certify, Moving Plaintiffs face a very heavy burden. They must show that <u>both</u> the Court's decision that the parties' selection of North Carolina law <u>and</u> the Court's decision that, even under California law, the Terms of Use are enforceable present controlling questions of law. They must also show that a substantial difference of opinion exists as to both of these issues. Finally, they must also show that an interlocutory appeal of these issues would materially advance the termination of this litigation. Plaintiffs do not establish any of these

points, and certainly not all of them. For all of these reasons, Moving Plaintiffs' Motion to certify this case for interlocutory appeal should be denied.

This 2nd day of April, 2009.

                              Respectfully submitted,

                              s/ Robert E. Harrington
                              Robert E. Harrington
                              N.C. Bar No. 26967
                              rharrington@rbh.com
                              Jonathan C. Krisko
                              N.C. Bar No. 28625
                              jkrisko@rbh.com

                              **ROBINSON, BRADSHAW & HINSON, P.A.**
                              101 North Tryon Street, Suite 1900
                              Charlotte, North Carolina 28246-1900
                              Telephone: (704) 377-2536
                              Facsimile: (704) 378-4000

                              Mark S. Melodia (admitted *pro hac vice*)
                              mmelodia@reedsmith.com
                              Paul J. Bond (admitted *pro hac vice*)
                              pbond@reedsmith.com

                              **REED SMITH LLP**
                              Princeton Forrestal Village
                              136 Main Street
                              Princeton, New Jersey 08540
                              (609) 514-6015

                              *Attorneys for Defendants*
                              *Home Loan Center, Inc. d/b/a LendingTree*
                              *Loans and LendingTree, LLC*

# CERTIFICATE OF COMPLIANCE WITH
# WORD COUNT LIMITATIONS

The undersigned hereby certifies, in accordance with Standing Order No. 3(b)(iv) Governing Civil Case Management Before the Honorable Frank D. Whitney, that this **OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION UNDER 28 U.S.C.A. § 1292(B)** contains 3,236 words, including footnotes and excluding the caption, signature block and this certification, as verified using the Word Count tool in Microsoft Word 2003.

s/ Robert E. Harrington
Robert E. Harrington
N.C. Bar No. 26967
rharrington@rbh.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Attorneys for Defendants*
*Home Loan Center, Inc. d/b/a LendingTree*
*Loans and LendingTree, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION UNDER 28 U.S.C.A. § 1292(B)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Lori Erin Andrus<br>lori@libertylaw.com | Jon Jason Lambiras<br>jlambiras@bm.net |
| Howard Mithcell Bushman<br>hbushman@harkeclasby.com | Jerome Noll<br>jnoll@mdpcelaw.com |
| Larry D. Drury<br>ldrurylaw@aol.com | Jason Brant Reynolds<br>jasrey@aol.com |
| Michael Todd Fantini<br>mfantini@bm.net | James R. Rowe<br>rowelegal@gmail.com |
| Lance August Harke<br>lharke@harkeclasby.com | Jamie L. Sheller<br>jlsheller@sheller.com |
| Gary W. Jackson<br>gjackson@ncadvocates.com | |

This 2nd day of April, 2009.

                                                s/ Robert E. Harrington
Robert E. Harrington
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
(704) 377-2536
rharrington@rbh.com