IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:08-md-1976-FDW

| | | |
|---|---|---|
| CONSTANCE SPINOZZI et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LENDINGTREE, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER comes now before the Court upon the Bercaw-Miller-Shaver Plaintiffs' "Petition for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b)" (Doc. No. 26). For the reasons stated below, Plaintiffs' Motion is DENIED.

## PROCEDURAL HISTORY

On August 21, 2008, this Court heard oral argument concerning the Spinozzi, Mitchell, and Carson cases, and compelled each case to individual and binding arbitration. The Court did so based upon the finding that Plaintiffs had entered into an enforceable agreement to arbitrate with Defendant LendingTree, and that this agreement was not unconscionable under North Carolina law. On October 8, 2008, the United States Judicial Panel on Multidistrict Litigation ordered that other related cases be consolidated in this Court for pretrial proceedings. On February 5, 2009, the Court heard oral argument concerning the newly transferred cases and similarly compelled these cases to proceed to binding arbitration. The Court did so based upon the finding that North Carolina law applied and that the agreement to arbitrate was not unconscionable under North Carolina law.

The Bercaw-Miller-Shaver Plaintiffs ("Plaintiffs") now ask the Court to certify its ruling for immediate appeal,[1] arguing that the ruling is "subject to substantial disagreement by California courts and other federal courts applying California law." (Pls.' Mem., Doc. No. 27, at 1.)

**STANDARD**

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. . . .

These statutory factors provide a district court with "great flexibility" in deciding whether to certify an issue for appeal. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D.N.C. 1995). The factors have been pragmatically summarized as calling on courts to consider "[t]he difficulty and general importance of the question presented, the probability of reversal, the significance of the gains from reversal, and the hardship on the parties in their particular circumstances." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (2d ed. West 2008). Review under § 1292(b) is reserved for "narrow question[s] of pure law." Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989); In re Charlotte Commercial Group, Inc., No. 01-52684C-11W, 2003 WL 1790882, at *2 (M.D.N.C. Mar. 13, 2003); see also 16 Wright, Miller & Cooper § 3930 ("There is indeed no reason to suppose that interlocutory appeals are to be certified for the purpose of inflicting upon courts of appeals an

---

[1] Plaintiffs must proceed under 28 U.S.C. § 1292(b) because the Federal Arbitration Act does not allow interlocutory appeal from an order granting a stay and directing arbitration to proceed. 9 U.S.C. § 16(b).

-2-

unaccustomed and ill-suited role as factfinders."). Section 1292(b) "clearly places" the burden of persuasion upon the movant to demonstrate "exceptional circumstances" justifying a departure from the final judgment policy. Howes, 889 F. Supp. at 853.

## DISCUSSION

**1.     Controlling Question of Law**

While there is no set formula for what makes up a "controlling question of law," courts generally agree that a question is controlling if "the incorrect disposition would require reversal of a final judgment for further proceedings." Id. at 852. There is no question that this Court's oral Order given on February 5, 2009, involved controlling questions. If the Court improperly applied North Carolina law as opposed to California law, or if the Court improperly determined that the agreement to arbitrate was not unconscionable, reversal would seem likely. However, these questions are not "narrow questions of pure law," but are mixed questions of law and fact for which the Court made detailed factual findings.

The Court's primary ruling was that North Carolina law applied to the agreement. The choice-of-law analysis from Restatement (Second) of Conflict of Laws § 187(2) reads:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Plaintiffs argued that California law has a fundamental policy against unconscionable class-action waivers, that the instant agreement to arbitrate contained such a waiver, and that a California court

-3-

would, therefore, void the agreement to arbitrate. They further argued that California has a materially greater interest in the determination of the issue than North Carolina.[2] The Court, in rejecting Plaintiffs' arguments, made several factual findings. As to California's fundamental policy regarding class-action waivers, the Court found that the contract was one of adhesion, but that the amounts in controversy were not predictably small, and that Plaintiffs had not alleged a scheme on LendingTree's part to cheat its customers. As to California's interest in this case, the Court found that none of the Plaintiffs were residents of California, that LendingTree is based in North Carolina, that the place of the wrong was at least partly in North Carolina, and that the place of contract formation, although unclear, was clearly not California. (Hr'g Tr., Doc. No. 33-4, at 8-9.) Based upon these facts, the Court made the independent conclusions, either one of which was sufficient, that the agreement to arbitrate was not unconscionable under California law and that California did not have a materially greater interest than North Carolina. Thus, the Court upheld the parties' choice of North Carolina law based upon the facts before it.

The choice-of-law question, around which the Court's entire ruling revolved, required numerous factually findings. Thus, although the question may be controlling, it is not a controlling question *of law,* and it is therefore inappropriate for § 1292(b) certification.

2.   **Substantial Ground for Difference of Opinion**

The Court does not believe that its oral Order is subject to substantial ground for difference of opinion because (1) the Court's Order will not result in a high level of procedural complexity and delay, and (2) Plaintiffs have provided no compelling arguments suggesting that the Court's choice-

---

[2] Neither party explicitly argued that a § 188 analysis would, but for the choice-of-law clause designating North Carolina, lead to the application of California law. However, the Court took this to be the underlying assumption of Plaintiffs' arguments, and this aspect of § 187(2) was not contested by Defendant.

-4-

Case 3:08-md-01976-FDW    Document 34    Filed 05/05/2009    Page 4 of 8

of-law analysis was incorrect.

### A. Level of Complexity

One suggested framework for § 1292(b)'s second factor is as follows:

> The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case. If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt.

16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (2d ed. West 2008). Proceedings in this case are chiefly based upon the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. § 1681 et seq. (Pls.' Mem. in Opp'n, Doc. No. 10, at 4.) The only thing making this case complex was the potential for class action. Under the agreement to arbitrate as enforced by the Court's oral Orders, Plaintiffs must proceed individually to arbitration. The Court cannot imagine that individual arbitration of an alleged violation of the FCRA would take more than days or, at most, weeks. Thus, the level of uncertainty that Plaintiffs must demonstrate is higher than in other, more procedurally complex contexts. The Court sees nothing in Plaintiffs' arguments that satisfies this standard.

### B. Substantive Choice-of-Law Analysis

Plaintiffs' argument is, again, that the Court incorrectly applied North Carolina law over California law. The first part of the Restatement's choice-of law test required the Court to examine California law regarding unconscionable class-action waivers to determine whether California had a fundamental policy that would invalidate the agreement to arbitrate. Plaintiffs now argue that the Court applied the Discover Bank factors as a rigid test, requiring all three factors. The Court is puzzled by this approach considering Plaintiffs' own preface to its quotation of the Discover Bank

factors: "The California Supreme Court has declared that a class action waiver is unconscionable if: (1) [adhesion factor]; (2) [predictably small damages factor]; *and* (3) [scheme to defraud factor]." ( Pls.' Mem. in Opp'n, Doc. No. 10, at 13) (emphasis added.)  Plaintiffs then argued, "all three of these factors are present, rendering the class action waiver unconscionable and unenforceable." (Id.) The Court disagreed as to the second two factors, stating, "Because plaintiffs can satisfy neither the second factor . . . nor the third . . . plaintiffs have failed to establish that a class action waiver is unconscionable under California law." (Hr'g Tr., Doc. No. 33-4, at 8.)  Given Plaintiffs' own description of the Discover Bank factors and the California Supreme Court's use of the conjunctive "and," it was not unreasonable for the Court to conclude that demonstrating only one of the three factors was insufficient evidence of unconscionability.  Furthermore, none of the cases cited by Plaintiffs suggests that an adhesive form contract, such as the one offered by LendingTree, is per se unconscionable without any showing of substantive unconscionability.

Turning to the materially greater interest portion of the Restatement test, Plaintiffs suggest that the Court ignored California's connections to this case.  On the contrary, the Court clearly recognized the presence of the California defendants, the potential that a portion of the wrong occurred in California, and the fact that Plaintiffs had alleged violations of California statutes. ((Hr'g Tr., Doc. No. 33-4, at 8-9.)  The Court also discussed the factors pointing to North Carolina's interest in the litigation.  Finally, the Court noted that Plaintiffs' had muddled the Restatement test with the statement, "While North Carolina may have some interest in the case, it has no greater interest than California in protecting the interests the Plaintiffs." (Pls.' Mem. in Opp'n, Doc. No. 10, at 13.)  Plaintiffs' burden under § 187(2) is, of course, higher than demonstrating that one state's interests is as strong as another's.  Plaintiffs, seeking to invalidate an otherwise legitimate contract

term, were required to demonstrate that California's interest was not only greater, but materially greater than North Carolina's. Plaintiffs did not do this. Accordingly, the Court is of the opinion that Plaintiffs have failed to demonstrate a substantial ground for difference of opinion regarding the Court's application of North Carolina law.

3.     **Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation**

Plaintiffs argue that this case is now proceeding on two tracks, one against LendingTree in arbitration and another against the remaining Defendants in this Court, and that such a dual-track proceeding is inherently inefficient. Thus, Plaintiffs argue that immediate appeal should be allowed so that this case can be returned to a single track. First, this argument ignores the well established policy in favor of arbitration, even in cases where dual-track proceedings become necessary. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). Perhaps more importantly, Plaintiffs' argument ignores the likelihood that allowing an immediate appeal will cause more inefficiencies than it solves. See Stephens v. Wachovia Corp., No. 3:06-cv-246, 2008 WL 1820928, at *4 (W.D.N.C. Apr. 21, 2008) ("Without an appeal, Plaintiff will proceed to arbitration for what should be a relatively direct and concise proceeding pertaining only to her account. . . . If the Court allowed this interlocutory appeal to proceed, the case would have to work its way through the appellate process before the parties could proceed to arbitration, and ultimately, to the conclusion of this litigation. Thus, certifying an interlocutory appeal on the narrow issue pertaining to the class action waiver only would delay the resolution of this case."). Therefore, the Court sees no efficiencies to be gained through an immediate appeal.

## CONCLUSION

The questions presented to and resolved by the Court on February 5, 2009, were heavily

factual issues, not narrow questions of pure law. In addition, when viewed in light of the procedural simplicity of individual arbitration and the lack of potentially significant delay, Plaintiffs present no substantial grounds for difference of opinion. Finally, the Court is of the opinion that immediate appeal would not materially advance the ultimate termination of this litigation.

Accordingly, Plaintiffs' Motion for Certification of Appeal is DENIED.

IT IS SO ORDERED.  Signed: May 5, 2009

Frank D. Whitney
United States District Judge

-8-

Case 3:08-md-01976-FDW    Document 34    Filed 05/05/2009    Page 8 of 8