**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3-08-MD-1976**

| | |
|---|---|
| IN RE LENDING TREE, LLC CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>***APPLIES TO*:**<br><br>AMY BERCAW, RUSSELL WINSETT, and TY WOODS, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>LENDINGTREE, LLC, a Delaware limited liability company, NEWPORT LENDING GROUP, INC., a California corporation, SAGE CREDIT CO., a California corporation, HOME LOAN CONSULTANTS, INC., a California corporation, CHAPMAN CAPITAL, INC., a California corporation, and SOUTHERN CALIFORNIA MARKETING CORP., a California corporation.<br><br>                Defendants. | **AMENDED CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

      NOW COME plaintiffs, Amy Bercaw, Ty Woods and Russell Winsett

("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through

their attorneys, and in support of Plaintiffs' Class Action Complaint, allege as follows:

## JURISDICTION & VENUE

      1.      The Court has jurisdiction over the federal claims alleged herein

pursuant to 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the state

law claims alleged herein under 28 U.S.C. §1367. Further, the Court also has subject

matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than some of defendants. *See* 28 U.S.C. §1332(d)(2)(A).

2.      Pursuant to 28 U.S.C. §1391(a)(2), venue is proper in the Central District of California because a substantial part of the acts giving rise to Plaintiffs' claims, such as the transactions by which Defendants became privy to Plaintiffs' Consumer Information (as hereinafter defined), occurred in the Central District of California. Defendants also conducted substantial business within this District.

### NATURE OF ACTION

3.      This is a consumer class action lawsuit brought on behalf of Plaintiffs, individually, and on behalf of all other persons similarly situated whose Consumer Reports (as hereinafter defined), personal information, and financial information ("Consumer Information") were intentionally and illegally distributed and/or sold by employees, representatives, and/or agents of defendant LendingTree, LLC ("LendingTree"), to defendants Newport Lending Group, Inc. ("Newport"), Southern California Marketing Corp. ("Southern California Marketing"), Home Loan Consultants, Inc. ("Home Loan"), Chapman Capital, Inc. ("Chapman"), and Sage Credit Co. ("Sage") (collectively referred to as "Mortgage Lenders"), and which were intentionally and illegally distributed and/or sold by Newport and Southern California Marketing to Sage, Home Loan, and Chapman (all collectively referred to as "Defendants"), in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), during the period beginning October 2006, to the present (the "Class").

4.      LendingTree deliberately, recklessly, and/or negligently failed to maintain reasonable procedures designed to limit the furnishing of the Consumer Information to the permissible purposes outlined under FCRA.  As a result of LendingTree's deliberate,

reckless, and/or negligent violations of FCRA, its representatives and/or agents obtained Plaintiffs' and Class members' Consumer Information and sold it to Mortgage Lenders without the consent of Plaintiffs and Class members.

5.      LendingTree's actions constitute violations of FCRA, as well as common law negligence, breach of implied contract, invasion of privacy, misappropriation of confidential information in violation of Cal Civ. Code § 17980.80 *et seq.*, and violations of Cal. Bus. and Prof. Code §§ 17200 *et seq.*

6.      Newport and Southern California Marketing obtained Plaintiffs' and Class members' Consumer Information and sold it to Sage, Home Loan, and Chapman without the consent of Plaintiffs and Class members.

7.      Newport's and Southern California Marketing's actions constitute an intentional violation of FCRA, as well as conduct that resulted in their unjust enrichment.

8.      Mortgage Lenders intentionally, recklessly, and/or negligently interfered with the existing contracts between LendingTree and Plaintiffs and members of the Class by illegally acquiring, selling and/or disseminating Plaintiffs' and Class members' Consumer Information, by way of selling the passwords necessary to access said information, without the consent of Plaintiffs and Class members.  In doing so, Mortgage Lenders also unlawfully converted Plaintiffs' and Class members' Consumer Information.

9.      Mortgage Lenders' actions constitute an invasion of privacy, misappropriation of confidential information in violation of Cal Civ. Code § 17980.80 *et seq.*, intentional interference with contractual relations, negligent interference with contractual relations, and conversion.

10.      Plaintiffs seek damages suffered as a result of Defendants' practices, including but not limited to statutory damages, compensatory damages, and injunctive relief.

**<u>PARTIES</u>**

11.     Plaintiff Amy Bercaw is an individual and resident of Las Vegas, Nevada. Plaintiff Bercaw is a citizen of Nevada.

12.     Plaintiff, Russell Winsett, is an individual and a resident of Chickasha, Oklahoma.  Plaintiff Winsett is a citizen of Oklahoma.

13.     Plaintiff, Ty Woods, is an individual and a resident of Smyrna, Georgia. Plaintiff Woods is a citizen of Georgia.

14.     Defendant, LendingTree, LLC, is a Delaware limited liability company.  It has its headquarters in Irvin, California at 163 Technology Drive where LendingTree's consumer-direct mortgage operations are also located and where it employs over 1,400 people.  LendingTree provides financial information services throughout the United States.  LendingTree regularly engages in the practice of assembling or evaluating consumer credit information on consumers for the purpose of furnishing this information to third parties.

15.     Defendant, Newport Lending Group, Inc., is a corporation organized and existing under the laws of the state of Nevada.  Newport's headquarters are located at 26 Corporate Park, Irvine, CA 92606.  Newport provides personal loans to consumers. Newport, at all relevant times, conducted business in the State of California.

16.     Defendant, Sage Credit Co., is a corporation organized and existing under the laws of the state of California.  Sage is a mortgage company that provides mortgages, home equity loans, refinancing, and debt consolidation loans to consumers.  Sage, at all relevant times, conducted business in the State of California.

17.     Defendant, Home Loan Consultants, Inc., is a corporation organized and existing under the laws of the state of California.  Home Loan's headquarters are located at 6815 Flanders Drive, Suite 150, San Diego, California 92121.  Home Loan offers mortgages, refinancing, and home equity loans to consumers.  Home Loan, at all relevant times, conducted business in the State of California.

18.     Defendant, Chapman Capital, Inc., is a corporation organized and existing

under the laws of the state of California. Chapman's headquarters are located at 1795-C N Willow Woods Dr., Anaheim, California 92807. Chapman, on information and belief, offers loans to consumers. Chapman, at all relevant times, conducted business in the State of California.

19. Defendant, Southern California Marketing Corp., is a corporation organized and existing under the laws of the state of California. Southern California Marketing's headquarters are located in California. Southern California Marketing, on information and belief, offers loans to consumers. Southern California Marketing, at all relevant times, conducted business in the State of California.

## FACTUAL BACKGROUND

20. LendingTree provides financial information services throughout the United States, and regularly engages in the practice of assembling or evaluating consumer credit information on consumers for the purpose of furnishing this information to third parties.

21. LendingTree operates an online network that matches consumers and lenders for the purpose of obtaining mortgage loan products.

22. In exchange for signing up with LendingTree, it allows consumers to, *inter alia*, choose from up to four competitive loan offers from major, national, regional, and local lenders across the United States.

23. When opening an account with LendingTree, consumers are required to complete a qualification form. Through this qualification form, LendingTree obtains a consumer's most confidential information, including their name, social security number, income, employment information, phone number, etc., and provides said information to its network of lenders, wholesale mortgage banks, and investors to facilitate the consumer's mortgage and/or loan application.

24. Plaintiff Bercaw opened an account with LendingTree in July or August 2007, providing LendingTree with the information requested on the qualification form.

25.     After the April 21, 2008 announcement, *infra*, Plaintiff Bercaw signed up for a credit monitoring service at her own expense.

26.     Plaintiff Winsett opened an account with LendingTree in August 2007, providing LendingTree with the information requested on the qualification form.

27.     Plaintiff Woods opened an account with LendingTree in 2006, providing LendingTree with the information requested on the qualification form.

28.     Since opening her account with LendingTree in 2006, Plaintiff Woods has been the victim of identity theft and her credit score has gone down by approximately 200 points.  Upon information and belief, the source of her identity theft has been traced back to California.

29.     On April 21, 2008, LendingTree publicly announced that several of its employees provided Mortgage Lenders with unauthorized access to its qualification forms without the consent of Plaintiffs and Class members. LendingTree's employees assisted the unauthorized Mortgage Lenders in obtaining said forms by providing them with confidential passwords in exchange for payments.

30.     These passwords allowed Mortgage Lenders to access LendingTree's customer qualification forms, which are normally available only to LendingTree-approved lenders.   Such approved lenders are only given access to certain consumers' qualification forms, and only those consumers with whom the lenders match up with, depending on the consumer's needs.

31.     LendingTree has admitted that, based on its investigation, Mortgage Lenders did make use of the passwords and did access, without authority, LendingTree's customer qualification forms. These forms contained Plaintiffs' and Class members' names, addresses, email addresses, telephone numbers, Social Security numbers, and income and employment information.

32.     Newport and Southern California Marketing sold Plaintiffs' and Class members' Consumer Information and/or the requisite passwords required to access said

information to Sage, Home Loan, and Chapman.

33.     Mortgage Lenders disseminated Plaintiffs' and Class members' Consumer Information to their employees and/or agents.

34.     LendingTree stated in its letter of April 21, 2008, that Mortgage Lenders accessed its loan request forms "between October 2006 and early 2008."

35.     LendingTree further stated that it had notified the authorities and had filed a lawsuit against its employees and/or agents involved in the breach, in addition to Mortgage Lenders.  LendingTree's lawsuit was filed on April 21, 2008.

36.     Despite having taken the time to notify the authorities and prepare a lawsuit on its own behalf, LendingTree failed to notify Plaintiffs or Class members until April 21, 2008.

37.     Upon information and belief, when a customer who received the April 21, 2008 letter calls LendingTree, the company advises the customer that they should acquire credit-monitoring services to protect their credit.  However, LendingTree has refused to pay for such credit monitoring services for the affected customers.

38.     Furthermore, on information and belief, when a customer calls LendingTree and generally asks about their privacy policy, LendingTree represents to callers that it has never had any problems with its privacy policy.  Even when asked about the conduct and events as alleged herein, LendingTree continues to deny any knowledge of said conduct and events, but once pressed, asks the customer whether they received a letter from LendingTree pertaining to said conduct and events.

39.     Plaintiffs' and Class members' Consumer Information has been improperly and illegally sold and/or disclosed to Mortgage Lenders by employees and/or agents of LendingTree.

40.     Plaintiffs did not agree to allow LendingTree to disseminate their Consumer Information to any unauthorized lender or unauthorized third party, including Mortgage Lenders.

41.    Plaintiffs did not agree to allow Mortgage Lenders to disseminate and/or sell their Consumer Information to any unauthorized lender or unauthorized third-party.

42.    Plaintiffs did not authorize the employees of LendingTree to access their Consumer Information for purposes of selling, brokering, or otherwise disseminating said information to unauthorized third parties, including Mortgage Lenders.

43.    Plaintiffs did not authorize the employees of Mortgage Lenders to access their Consumer Information for purposes of selling, brokering, or otherwise disseminating said information to unauthorized third parties.

## CLASS ACTION ALLEGATIONS

44.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this class action, individually and on behalf of all other persons whose consumer reports, personal information, and/or financial information were disseminated and/or sold by LendingTree and/or LendingTree's employees as part of an impermissible dissemination to Mortgage Lenders, without the consent of consumers and/or without a permissible purpose under FCRA, during the period beginning October 2006 to the present (the "Class").  The Class includes those persons or entities whose Consumer Reports, personal information, and/or financial information were disseminated and/or sold by Newport and Southern California Marketing. The Class does not include LendingTree, Mortgage Lenders, or their officers, directors, agents, or employees.

45.    On information and belief, the Class is comprised of millions of consumers, making the joinder of such cases impracticable. Disposition of the claims in a class action will provide substantial benefits to both the parties and the Court.

46.    The rights of each member of the Class were violated in a similar fashion based upon LendingTree's and Mortgage Lenders' uniform actions.

47.    Questions of law and fact common to the Class predominate over questions that may affect individual Class members and include, but are not limited to, the following:

a. Whether LendingTree's employees sold, disseminated or otherwise provided access to Plaintiffs' and Class members' Consumer Information within the meaning of 15 U.S.C. §1681a(d)(1) and without Plaintiffs' or Class members' authorization;

b. Whether Newport and Southern California Marketing sold, disseminated or otherwise provided access to Plaintiffs' and Class members' Consumer Information within the meaning of 15 U.S.C. §1681a(d)(1) and without Plaintiffs' or Class members' authorization;

c. Whether LendingTree and/or its employees, representatives, or agents had a permissible purpose under FCRA to sell, disseminate or otherwise provide access to Plaintiffs' and Class members' Consumer Information within the meaning of 15 U.S.C. §1681a(d)(1);

d. Whether Newport and Southern California Marketing or their agents had a permissible purpose under FCRA to sell, disseminate or otherwise provide access to Plaintiffs' and Class members' Consumer Information within the meaning of 15 U.S.C. §1681a(d)(1);

e. Whether LendingTree is a Consumer Reporting Agency, as defined by 15 U.S.C. § 1681a(f);

f. Whether Newport and Southern California Marketing are Consumer Reporting Agencies, as defined by 15 U.S.C. § 1681a(f);

g. Whether LendingTree violated FCRA by failing to properly maintain reasonable procedures designed to limit the

furnishing of Consumer Information to the permissible purposes outlined under FCRA;

h. Whether LendingTree violated FCRA when its employee sold, disseminated or otherwise provided access to Plaintiffs' and Class members' Consumer Information to unauthorized third parties;

i. Whether Newport and Southern California Marketing violated FCRA when they sold, disseminated or otherwise provided access to Plaintiffs' and Class members' Consumer Information to unauthorized third parties;

j. Whether LendingTree's conduct was intentional;

k. Whether Newport and Southern California Marketing's conduct was intentional;

l. Whether LendingTree's conduct was reckless;

m. Whether Newport and Southern California Marketing's conduct was reckless;

n. Whether LendingTree was negligent in collecting and storing Plaintiffs' and Class members' Consumer Information;

o. Whether LendingTree took reasonable steps and measures to safeguard Plaintiffs' and Class members' Consumer Information;

p. Whether LendingTree owed a duty to Plaintiffs and Class members to protect their Consumer Information;

q. Whether LendingTree breached its duty to exercise reasonable care in storing Plaintiffs' and Class members' Consumer Information by storing that information on its computer systems in the manner in which it did;

r. Whether LendingTree breached its duty to Plaintiffs and Class members by failing to keep their Consumer Information secure;

s. Whether LendingTree was negligent in failing to keep Plaintiffs' and Class members' Consumer Information secure;

t. Whether implied contracts existed between LendingTree and Plaintiffs and Class members;

u. Whether LendingTree breached the implied contracts between it and Plaintiffs and Class members;

v. Whether Defendants violated Plaintiffs' and Class members' rights of privacy;

w. Whether LendingTree violated Cal Civ. Code § 17980.80 *et seq.*;

x. Whether Mortgage Lenders acquired Plaintiffs' and Class members' Consumer Information without their authorization, knowledge, and/or consent;

y. Whether Mortgage Lenders knew of the existence of the contracts between LendingTree and Plaintiffs and Class members;

z. Whether Mortgage Lenders intended to and did disrupt the existing contracts between LendingTree and Plaintiffs and Class members;

aa. Whether Mortgage Lenders negligently disrupted the existing contracts between LendingTree and Plaintiffs and Class members;

bb. Whether Newport and Southern California Marketing have unjustly retained benefits to the detriment of Plaintiffs and

Class members;

cc. Whether LendingTree violated Cal. Bus. and Prof. Code §§ 17200 *et seq.*;

dd. Whether Plaintiffs and Class members have sustained damages, and if so, what is the proper measure of those damages; and

ee. Whether statutory damages are proper in this matter, and in what amount.

48.    Plaintiffs' claims are typical of the claims of the respective Class they seek to represent, because the Consumer Information of Plaintiffs, like the Consumer Information of all members of the proposed Class, was intentionally and illegally distributed and/or sold by employees, representatives, and/or agents of Defendants.

49.    Plaintiffs will fairly and adequately represent and protect the interests of the Class, in that they have no interest that is antagonistic to or that irreconcilably conflicts with those of other members of the Class.

50.    Plaintiffs have retained counsel competent and experienced in the prosecution of class action litigation.

51.    A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiffs' and Class members' claims. Plaintiffs and Class members have suffered harm as a result of Defendants' conduct. Certification of a class action to resolve these disputes will reduce the possibility of repetitious litigation involving, potentially, millions of class members. Further, certification is appropriate under Federal Rule of Civil Procedure 23, as the Class satisfies the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

<u>COUNT I</u>

<u>INTENTIONAL VIOLATIONS OF</u>

<u>THE FAIR CREDIT REPORTING ACT</u>

**(as to LendingTree, Newport, and Southern California Marketing)**

52.     Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count I.

53.     The Fair Credit Reporting Act ("FCRA") was created to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information, in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 U.S.C. §1681 *et. seq.*

54.     Under FCRA, a "Consumer Report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes, employment purposes, or any other purpose authorized under 15 U.S.C. §1681(b), 15 U.S.C. §1681a(d)(1).

55.     Under FCRA, a "Consumer Reporting Agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports.

56.     Plaintiffs and other Class members are "consumers" or "persons" as defined and construed under FCRA (15 U.S.C. §1681a(b) & (c)).

57.     LendingTree, Newport, and Southern California Marketing are Consumer Reporting Agencies as defined under FCRA because they, for monetary

fees, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and use interstate commerce for the purpose of preparing or furnishing consumer reports.

58. The Consumer Information sold, disseminated, or otherwise provided access to by LendingTree's employees and Newport and Southern California Marketing were Consumer Reports as defined under the FCRA.

59. As a Consumer Reporting Agency, LendingTree is required to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlined under FCRA. *See* 15 U.S.C. §1681e.

60. In conscious disregard of the rights of Plaintiffs and Class members, LendingTree deliberately and/or recklessly did not maintain reasonable procedures designed to limit the furnishing of Consumer Reports, personal and/or financial information to the permissible purposes outlined under FCRA, specifically 15 U.S.C. §1681e.

61. LendingTree's deliberate and/or reckless conduct allowed its employees to obtain the Consumer Reports, personal and/or financial information of Plaintiffs and Class members, and to sell, disseminate, and/or otherwise provide access to Plaintiffs' and Class members' Consumer Information to unauthorized third parties without the consent of Plaintiffs or Class members, and for no permissible purpose under FCRA.

62. LendingTree is responsible for its employees' actions as agents of LendingTree.

63. Newport and Southern California Marketing, with full knowledge that the Consumer Information was unlawfully obtained, deliberately sold, disseminated, and/or otherwise provided access to Plaintiffs' and Class members' Consumer Information to third parties without the consent of Plaintiffs or Class members, and for no permissible purpose under FCRA.

64.     LendingTree, Newport, and Southern California Marketing's conduct violated FCRA, and Plaintiffs and Class members have been damaged by their deliberate and/or reckless actions. At all times material, LendingTree had full knowledge of its employees' conduct.

65.     As a result of LendingTree's, Newport's, and Southern California Marketing's conduct, Plaintiffs are entitled to actual damages sustained or statutory damages of not less than $100 and not more than $1,000 per violation, as well as the costs and attorneys' fees in bringing this action. 15 U.S.C. §1681n.

## COUNT II

## NEGLIGENT VIOLATION OF

## THE FAIR CREDIT REPORTING ACT

### (as to LendingTree)

66.     Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count II.

67.     LendingTree is a Consumer Reporting Agency as defined under FCRA because it, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and uses interstate commerce for the purpose of preparing or furnishing Consumer Reports.

68.     The Consumer Information sold by LendingTree's employees amounted to Consumer Reports as defined under FCRA.

69.     As a Consumer Reporting Agency, LendingTree is required to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlines under FCRA. *See* 15 U.S.C. §1681e.

70.     LendingTree was negligent in failing to maintain reasonable procedures to protect Plaintiffs' and Class members' Consumer Reports, personal and/or financial information.

71.     LendingTree's negligent conduct allowed its employees to obtain Plaintiffs' and Class members' Consumer Reports, personal and/or financial information and sell it to third parties without the consent of Plaintiffs or Class members, and for no permissible purpose under FCRA.

72.     LendingTree is responsible for its employee's actions as agents of LendingTree.

73.     Plaintiffs and Class members have been damaged by LendingTree's negligent actions.

74.     As a result of LendingTree's negligent conduct, Plaintiffs are entitled to actual damages sustained or statutory damages of not less than $100 and not more than $1,000 per violation, as well as the costs and attorneys' fees in bringing this action. 15 U.S.C. §1681n.

## COUNT III

## NEGLIGENCE

## (as to LendingTree)

75.     Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count III.

76.     LendingTree came into possession of Plaintiffs' and Class members' Consumer Information, and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised and/or stolen.

77.     LendingTree had a duty to timely disclose that Plaintiffs' and Class members' Consumer Information within its possession had been, or was reasonably believed to have been, compromised.

78.     LendingTree had a duty to have procedures in place to detect and prevent the dissemination of Plaintiffs' and Class members' Consumer Information by its employees. This breach of security and unauthorized access was reasonably foreseeable to LendingTree.

79.     LendingTree, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class members by failing to exercise reasonable care in protecting and safeguarding Plaintiffs' and Class members' Consumer Information within its possession.

80.     LendingTree, through its actions and/or omissions, breached its duty to Plaintiffs and Class members by failing to have procedures in place to detect and prevent dissemination of Plaintiffs' and Class members' Consumer Information by its employees. LendingTree is responsible for its employees' actions.

81.     LendingTree, through its actions and/or omissions, breached its duty to timely disclose the fact that Plaintiffs' and Class members' Consumer Information within its possession had been, or was reasonably believed to have been, compromised.

82.     But for LendingTree's negligent and wrongful breach of its duties owed to Plaintiffs and Class members, Plaintiffs' and Class members' Consumer Information would not have been compromised.

83.     Plaintiffs' and Class members' Consumer Information was compromised, viewed, and/or stolen as the proximate result of LendingTree failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures to protect and safeguard Plaintiffs' and Class members' Consumer Information within its possession.

84.     Plaintiffs and Class members suffered actual damages including, but not limited to, expenses for credit monitoring, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

## COUNT IV

## BREACH OF IMPLIED CONTRACT

### (as to LendingTree)

85.     Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count IV.

86.     LendingTree came into possession of Plaintiffs' and Class members' Consumer Information and had an implied contract with Plaintiffs and Class members to protect such information, by way of Plaintiffs and Class members providing LendingTree with the requisite qualification form information.

87.     The implied contract required LendingTree to not disclose Plaintiffs' and Class members' Consumer Information to unauthorized third party entities, and to safeguard and protect the information from being compromised and/or stolen.

88.     LendingTree did not safeguard and protect Plaintiffs' and Class members' Consumer Information from being compromised and/or stolen. Indeed, LendingTree disclosed this information to unauthorized lenders.

89.     Because LendingTree disclosed Plaintiffs' and Class members' Consumer Information and failed to safeguard and protect Plaintiffs' and Class members' Consumer Information from being compromised and/or stolen, LendingTree breached its contract with Plaintiffs and Class members.

90.     Plaintiffs and Class members suffered and will continue to suffer actual damages, including but not limited to, anxiety, emotional distress, loss of privacy, and other economic and noneconomic harm.

<u>**COUNT V**</u>

<u>**INVASION OF PRIVACY**</u>

<u>**(as to all Defendants)**</u>

91.     Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count V.

92.     Plaintiffs and Class members have a legally protected privacy interest in their confidential credit, financial and other personal information, including their Consumer Information, and a reasonable expectation of privacy in such information. This right of privacy includes the right not to have someone else profit by the misappropriation and sale or dissemination of such confidential personal and financial

information.

93.     Defendants and their employees made unauthorized intrusions into Plaintiffs' and Class members' privacy by accessing, disclosing, disseminating and/or selling their Consumer Information without their knowledge, authorization or consent. This unauthorized disclosure and/or sale of such private facts and information is one that is highly offensive or objectionable to a reasonable person of ordinary sensibilities. Moreover, the disclosure of such private facts and information, as alleged herein, does not include information that is of a legitimate public concern.

94.     Defendants and their employees violated the rights of privacy of Plaintiffs and Class members by acquiring, disclosing and/or selling their Consumer Information without their consent. Plaintiffs' and Class members' Consumer Information has value, and Defendants' and their employees' unlawful use, disclosure and/or sale of that information, was made for their own benefit.

95.     As a result of the unlawful conduct, as alleged herein, the privacy rights of Plaintiffs and Class members have been violated, and Plaintiffs and Class members have been harmed as a result thereof.

96.     Defendants' conduct as alleged herein further violates the California constitutional right of privacy.

97.     Plaintiffs and Class members suffered and will continue to suffer actual damages, including but not limited to, anxiety, emotional distress, loss of privacy, and other economic and noneconomic harm.

## COUNT VI

## MISAPPROPRIATION OF CONFIDENTIAL INFORMATION IN VIOLATION OF CAL. CIV. CODE § 17980.80, *ET SEQ.*

### (as to all Defendants)

98.     Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count VI.

99. Plaintiffs and Class members have a property interest in their Consumer Information. This property interest includes the right not to have someone else profit by the misappropriation and sale or dissemination of such information.

100. Defendants and their employees made unauthorized intrusions into Plaintiffs' and Class members' privacy by accessing, disclosing, disseminating and/or selling their Consumer Information without their knowledge, authorization or consent.

101. Defendants and their employees misappropriated Plaintiffs' and Class members' Consumer Information by acquiring it and disseminating and/or selling it without their consent. Plaintiffs' and Class members' Consumer Information has value, and Defendants' and their employees' unlawful misappropriation, disclosure and/or sale of that information, was made for their own benefit.

102. Defendants' conduct as alleged herein violates Cal Civ. Code § 17980.80 *et seq.*, which obligates companies that possess personal information to take all reasonable steps to destroy the personal information no longer needed by the business, notify residents whose unencrypted information has been acquired in an unauthorized manner, and to implement reasonable security measures.

103. As a result of the unlawful conduct, as alleged herein, Plaintiffs and Class members have been harmed by way of having their Consumer Information misappropriated.

104. Plaintiffs and Class members suffered and will continue to suffer actual damages, including but not limited to, anxiety, emotional distress, loss of privacy, and other economic and noneconomic harm.

### COUNT VII

### CONVERSION

### (as to Mortgage Lenders)

105. Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count VII.

106.    Consumer Information is property under California law. Plaintiffs and Class members own all legal and possessory rights to their Consumer Information.

107.    Mortgage Lenders wrongfully acquired Plaintiffs' and Class members' Consumer Information without their authorization, knowledge, and/or consent.

108.    Mortgage Lenders, without Plaintiffs' or Class members' authorization, misappropriated their Consumer Information.

109.    Upon information and belief, Mortgage Lenders sold access to Plaintiffs' and Class members' Consumer Information to third parties without their consent.

110.    Plaintiffs and Class members were damaged as the proximate result of Mortgage Lenders misappropriating and selling Plaintiffs' and Class members' Consumer Information without their consent.

111.    Pursuant to Cal. Civ. Code § 3336, Plaintiffs and Class members are entitled to reasonable attorneys' fees, costs and expenses.

<strong><u>COUNT VIII</u></strong>

<strong><u>INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS</u></strong>

<strong><u>(as to Mortgage Lenders)</u></strong>

112.    Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count VIII.

113.    A contract existed between LendingTree and Plaintiffs and Class members, whereby the parties agreed that LendingTree would preserve and protect the confidentiality of Plaintiffs' and Class members' Consumer Information.

114.    Mortgage Lenders knew of the existence of the contracts between LendingTree and Plaintiffs and Class members.

115.    Mortgage Lenders intended to and did disrupt the existing contracts between LendingTree and Plaintiffs and Class members by misappropriating Plaintiffs' and Class members' Consumer Information.

116.    Mortgage Lenders' misappropriation of Plaintiffs' and Class members'

Consumer Information reduced the value of the existing contracts between LendingTree and Plaintiffs and Class members.

117. Mortgage Lenders' misappropriation of Plaintiffs' and Class members' Consumer Information made performance of the contracts more burdensome.

118. Plaintiffs and Class members were damaged by Mortgage Lenders' intentional disruption of Plaintiffs' and Class members' contracts with LendingTree.

**COUNT IX**

**NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS**

**(as to Mortgage Lenders)**

119. Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count IX.

120. A contract existed between each Plaintiff and LendingTree, whereby the parties agreed that LendingTree would preserve and protect the confidentiality of each Plaintiff's Consumer Information.

121. Mortgage Lenders knew of the existence of the contracts between Plaintiffs and LendingTree.

122. Mortgage Lenders negligently disrupted the existing contracts between Plaintiffs and LendingTree by misappropriating Plaintiffs' Consumer Information.

123. Mortgage Lenders' misappropriation of Plaintiffs' Consumer Information reduced the value of the existing contracts between Plaintiffs and LendingTree.

124. Mortgage Lenders' misappropriation of Plaintiffs' Consumer Information made performance of the contracts more burdensome.

125. Plaintiffs were damaged by Mortgage Lenders' negligent disruption of Plaintiffs' contracts with LendingTree.

**COUNT X**

**UNJUST ENRICHMENT**

**(as to Newport and Southern California Marketing)**

126. Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count X, and allege this Count in the alternative.

127. Newport and Southern California Marketing obtained Plaintiffs' and Class members' Consumer Information without Plaintiffs' and Class members' consent.

128. Newport and Southern California Marketing knew, or should have known, that they had obtained Plaintiffs' and Class members' Consumer Information without Plaintiffs' and Class members' consent.

129. Newport and Southern California Marketing unjustly and unlawfully sold Plaintiffs' and Class members' consumer information to third parties without Plaintiffs' and Class members' consent.

130. Newport and Southern California Marketing have retained the benefits they received from unjustly and unlawfully selling Plaintiffs' and Class members' Consumer Information.

131. Newport and Southern California Marketing, at all relevant times, had knowledge of said benefit.

132. Newport and Southern California Marketing's retention of the benefits they received from selling Plaintiffs' and Class members' Consumer Information violates fundamental principles of equity, justice and good conscience.

## COUNT XI

## VIOLATION OF CAL. BUS. AND PROF. CODE §§ 17200 *ET SEQ.*;
## CALIFORNIA UNFAIR COMPETITION LAW
### (as to Lending Tree)

133. Plaintiffs re-allege the paragraphs of this Complaint as if fully set forth herein in this Count XI.

134. By reason of the conduct alleged herein, and by failing to provide reasonable security measures for Plaintiffs and Class members' Consumer Information, LendingTree violated the provisions of Cal. Bus. and Prof. Code §§ 17200 *et seq.*

135.     As a result of LendingTree's practices, Plaintiffs and Class members have suffered an injury in-fact by being at an increased risk of identity theft.  In addition, Plaintiffs and Class members have lost property in the form of their Consumer Information.

136.     LendingTree's violation of the laws of this state and of common law by the practices complained of herein constitutes an unlawful business practice within the meaning of Cal. Bus. and Prof. Code §§ 17200 *et seq.*  LendingTree's practices, as described herein, violate federal, state, statutory, regulatory, or industry standards as described above, including, but not limited to, the California Constitutional Right to Privacy, and Cal. Civ. Code 1798.80 *et seq.*

137.     LendingTree's failure to adequately protect Plaintiffs' and Class members' Consumer Information violates not only the unlawful prong of Cal. Bus. and Prof. Code §§ 17200 *et seq.*, but also constitutes an independent violation of the "unfair" prong of section 17200, independent of the other causes of action asserted herein. LendingTree's failure to adopt reasonable practices in protecting the Consumer Information of Plaintiffs and Class members has placed them at a higher risk of identity theft crimes.

138.     The injury to Plaintiffs and Class members caused by LendingTree's failure to install, adopt, and maintain reasonable security procedures to protect their Consumer Information is substantial. As a result, the Consumer Information of Plaintiff and Class members has been substantially compromised, placing them at a significant risk of being victims of identity theft and other harm.

139.     The conduct alleged herein is a "business practice" within the meaning of Cal. Bus. and Prof. Code §§ 17200 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter an Order:

a. Certifying this matter as a class action with Plaintiffs as Class Representatives, and designating Plaintiffs' counsel as Class Counsel;

b. Finding that LendingTree purposefully and/or recklessly violated FCRA due to its failure to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlined under FCRA;

c. Finding that LendingTree negligently violated FCRA due to its failure to maintain reasonable procedures designed to limit the furnishing of reports to the permissible purposes outlined under FCRA;

d. Finding that Newport and Southern California Marketing violated FCRA by purposefully selling, disseminating, and/or otherwise providing access to Plaintiffs' and Class members' Consumer Information to third parties without the consent of Plaintiffs or Class members, and for no permissible purpose outlined under FCRA;

e. Requiring that LendingTree, Newport, and Southern California Marketing pay actual damages sustained or statutory damages of not less than $100 and not more than $1,000 per violation of FCRA;

f. Finding that LendingTree was negligent in protecting Plaintiffs' and Class members' private personal and financial information stored on its computer systems and in its physical possession;

g. Requiring LendingTree to provide monies required to monitor Plaintiffs' and Class members' financial accounts and provide

them with identity theft insurance, as well as to compensate anyone who suffers damage as a result of the unauthorized release of their private information;

h. Finding that LendingTree breached its contract to safeguard and protect Plaintiffs' and Class members' Consumer Information stored on its computer systems and in its physical possession;

i. Finding that Defendants invaded the privacy of Plaintiffs and Class members, wherein Plaintiffs' and Class members' Consumer Information was unlawfully accessed, disclosed, and/or sold;

j. Finding that Defendants' conduct violated the California constitutional right of privacy;

k. Finding that Defendants misappropriated the Consumer Information of Plaintiffs and Class members, wherein Plaintiffs' and Class members' Consumer Information was unlawfully accessed, disclosed, and/or sold;

l. Finding that Defendants' conduct violated Cal Civ. Code § 17980.80 *et seq.*;

m. Finding that Mortgage Lenders wrongfully acquired Plaintiffs' and Class members' Consumer Information without their authorization, knowledge, and/or consent;

n. Finding that Mortgage Lenders intended to and did disrupt the existing contracts between Plaintiffs and LendingTree by misappropriating Plaintiffs' Consumer Information;

o. Finding that Mortgage Lenders negligently disrupted the existing contracts between Plaintiffs and LendingTree by

misappropriating Plaintiffs' Consumer Information;

p.   Finding that Newport and Southern California Marketing have unjustly retained benefits resulting from their sale of Plaintiffs' and Class members' Consumer Information, and that said retention violates fundamental principles of equity, justice, and good conscience;

q.   Finding that LendingTree violated the provisions of Cal. Bus. and Prof. Code §§ 17200 *et seq.*;

r.   Finding that Defendants are responsible for their employees' actions as agents of Defendants;

s.   Awarding damages to Plaintiffs and Class members under the common law theories alleged herein;

t.   Enjoining Defendants from action which places consumers at a risk of future security breaches;

u.   Requiring Defendants to disclose, in detail, the scope, extent, and reach of all disseminations of Plaintiffs' and Class members' Consumer Information that were made without their consent;

v.   Requiring Defendants to pay Plaintiffs and Class members reasonable attorneys' fees and costs of litigation; and

w.   Providing for other legal and/or equitable relief as is permitted at law and as justice requires.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.


Dated:  July 10, 2009

By:   <u>/s/ Gary W. Jackson</u>
Gary W. Jackson

JACKSON & MCGEE, LLP
521 East Boulevard
Charlotte, NC 28203
Telephone: (704) 377-6680
Facsimile: (704) 377-6690

**<u>Of Counsel:</u>**

FINKELSTEIN THOMPSON LLP
BURTON H. FINKELSTEIN
1050 30th Street, NW
Washington, D.C. 20007
Telephone:  (202) 337-8000
Facsimile:  (202) 337-8090

BARNOW AND ASSOCIATES, P.C.
BEN BARNOW
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

LARRY D. DRURY, LTD.
LARRY D. DRURY
205 West Randolph, Suite 1430
Chicago, IL 60606
Telephone: (312) 346-7950
Facsimile:  (312) 346-5777

ALLEN ALLEN & TACK
SCOTT R. TACK
P.O. Box 1409
210 Chickasha Ave.
Chickasha, OK 73023
Telephone: (405) 224-3111
Facsimile: (405) 224-8312