**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1056**

SYLVIA CARSON, Case No. 3:08-cv-247,

        Plaintiff – Appellant,

and

CONSTANCE SPINOZZI, Case No. 3:08cv229; ANGELA MITCHELL, Case No. 3:08cv303; EUGENE MILLER, JR., Case No. 3:08cv2077; MARVIN GARCIA, Case No. 3:08cv2078; AMY BERCAW, Case No. 3:08cv2079; RUSSELL WINSETT, Case No. 3:08cv2079; TY WOODS, Case No. 08cv2079; GERALDINE BRADLEY, Case No. 3:08cv2080; JOY PAXTON-COLLIS, Case No. 3:08cv2080; JAMES LARSON, Case No. 3:08cv2080; MARK SWEARINGEN, Case No. 3:08cv2080; PAUL SHAVER, Case No. 3:08cv2081; BRADLEY PLAINTIFFS, 08cv2080; BERCAW PLAINTIFFS, 08cv2079,

        Plaintiffs,

        v.

LENDINGTREE LLC, a Delaware Corporation,

        Defendant – Appellee,

and

NEWPORT LENDING CORPORATION; SOUTHERN CALIFORNIA MARKETING CORPORATION; HOME LOAN CONSULTANTS INCORPORATED; CHAPMAN CAPITAL INCORPORATED; SAGE CREDIT COMPANY; HOME LOAN CENTER INCORPORATED, d/b/a LendingTree Loans, a California Corporation; NEWPORT LENDING GROUP INCORPORATED,

        Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:08-md-01976-FDW)

Submitted: October 20, 2011                  Decided: November 17, 2011

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary W. Jackson, Sam McGee, JACKSON & MCGEE, LLP, Charlotte, North Carolina, for Appellant. Sascha Henry, SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, Los Angeles, California; Robert E. Harrington, Jonathan C. Krisko, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvia Carson appeals the district court's order compelling arbitration and its subsequent order confirming an arbitration award. Carson argues on appeal that because the arbitration provision was unconscionable, the district court erred in compelling arbitration of the case. We affirm.

This court reviews de novo a district court's determination that a dispute is arbitrable. Wash. Square Sec., Inc. v. Aune, 385 F.3d 432, 435 (4th Cir. 2004). In conducting its review this court must "first examine whether the parties agreed to arbitrate the claims at issue." United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 380 (4th Cir. 2008); Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 305 (4th Cir. 2001) ("While federal policy broadly favors arbitration, the initial inquiry is whether the parties agreed to arbitrate their dispute.") (citation omitted). Here, Carson affirmatively checked the box indicating that she agreed to the terms of use, which included the arbitration provision. Further, no one prevented her from perusing the arbitration provision and she was at liberty to choose a different service provider. We conclude that Carson agreed to arbitrate the claims at issue.

Having established that Carson agreed to arbitrate her claims, this court must next determine "whether the arbitration

3

clauses are enforceable." United States ex rel. Wilson, 525 F.3d at 381. Under limited circumstances, "equity may require invalidation of an arbitration agreement that is unconscionable." Murray v. United Food & Commercial Workers, 289 F.3d 297, 302 (4th Cir. 2002). Carson bears the burden of proof for this affirmative defense. Tillman v. Commercial Credit Loans, Inc., 655 S.E.2d 362, 369 (N.C. 2008).

"An inquiry into unconscionability requires that a court consider all the facts and circumstances of a particular case, and if the provisions are then viewed as so one-sided that the contracting party is denied any opportunity for a meaningful choice, the contract should be found unconscionable. Id. at 370 (internal alterations and citations omitted). "A party asserting that a contract is unconscionable must prove both procedural and substantive unconscionability. Id. (citations omitted).

We conclude that Carson has not met her burden to establish unconscionability. She was able to peruse the application from her home computer at her leisure, with no external pressure. She visited the website on her own and applied for LendingTree's service for free. Prior to submitting her application, she was expressly advised to print the policies for her records. She affirmatively indicated that she had read, understood, agreed to, and accepted the terms of the LendingTree

4

agreement. Further, Carson has not shown that the arbitration costs were prohibitively expensive, or that the arbitration provision was unfairly one-sided.

On these facts, we conclude that the district court did not err in granting LendingTree's motion to compel arbitration. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED